IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AARON WILSON GARNER | * | |
| | * | |
| VS. | * | C.A. NO._____ |
| | * | |
| BP AMOCO CHEMICAL COMPANY, | * | |
| BP AMOCO POLYMERS, INC., BP | * | |
| CORPORATION NORTH AMERICA, | * | |
| INC., | * | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND FOR PRELIMINARY INJUNCTION**

*TO THE HONORABLE COURT:*

Plaintiff files this Original Complaint and Request for Injunctive Relief, and respectfully shows this Honorable Court the following:

## I. SUMMARY OF THIS CASE

This is a personal injury case involving exposure to toxious substances at the BP Plant in Texas City. On April 19, 2007, an unidentified, toxious substance was released into the air at the BP Plant, sending more than 100 workers to the hospital for treatment and decontamination. In response to inquiries, BP claims that there is "no evidence of a leak of any kind." A BP spokesman has even suggested to the press that the entire incident may be a hoax by "disgruntled workers." BP's latest safety problems and efforts to cover them up are part of a series of blunders at the Texas City Plant. BP's refusal to identify the toxic substance makes treatment of those exposed difficult, and adds to the stress caused to the Plaintiff by the incident itself.

In this case, Plaintiff seeks remedy for personal injuries. More importantly, and more

pressing, Plaintiff seeks an Order from this Court requiring BP to identify the substance it "accidentally" released, and to preserve evidence of the leak. Although this case is not filed as a class action at this point, many more workers at the plant are experiencing the same issues as are being experienced by Plaintiff, but at this time have chosen not to initiate suit, in fear of retaliation by their employers.

## II. PARTIES, RESIDENCE, AND SERVICE

Plaintiff resides in Galveston County.

Defendant, BP Amoco Chemical Company, is a Delaware corporation doing business in Texas and may be served process by serving its registered agent, C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

Defendant, BP Products North America, Inc., is a Maryland corporation doing business in Texas and may be served process by serving its registered agent, Prentice Hall Corporation System, 701 Brazos Street, #1050, Austin, Texas 78701.

Defendant, BP Corporation North America, Inc., is an Indiana corporation doing business in Texas and may be served process by serving its registered agent, Prentice Hall Corporation System, 701 Brazos Street, #1050, Austin, Texas 78701.

## III. JURISDICTION AND VENUE

The parties are diverse. Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs.

Venue is proper in this County because all or a substantial part of the events or omissions giving rise to the claim occurred in this County.

## IV. SUMMARY OF FACTS

On April 19, 2007, Plaintiff, while in the course and scope of his employment, was injured as a result of a release of a Toxic substance at the BP Texas City Refinery/Chemical Plant. As a result, Plaintiffs suffered painful, severe and permanent injuries.

## V. CAUSE OF ACTION - NEGLIGENCE

Defendants were negligent on the occasion in question and proximately caused Plaintiffs' injuries. Defendants on the occasion in question:

1. caused or permitted to be caused a release of a Toxic substance at the BP facility;
2. failed to maintain a safe work place;
3. failed to have a reliable system or device at its BP facility to prevent the release or warn of the release;
4. failed to perform work in a safe and prudent manner;
5. failed to exercise reasonable and prudent care in the operations which were occurring at the BP facility on the date of the incident in question;
6. failed to implement, follow and enforce proper operations procedures;
7. failed to implement, follow and enforce proper safety procedures; and
8. failed to implement, follow, and enforce proper hazard analysis.

## VI. AGENCY - EMPLOYMENT

The acts of negligence committed by Defendants' agents, servants and/or employees arose directly out of and was done in prosecution of the business that he/she was employed to do by his employer, who is therefore liable under the Doctrine of Respondeat Superior for the negligent actions of its employee.

## VII.  RES IPSA LOQUITOR

Plaintiffs invoke the doctrine of Res Ipsa Loquitor. Plaintiffs would show that the character of the event made the basis of this lawsuit is such that it would not ordinarily occur in the absence of negligence and that the instrumentality causing the injuries was under the management and control of Defendants.

## VIII.  CAUSE OF ACTION - EXEMPLARY DAMAGES

The wrong done by Defendants was aggravated by the kind of malice for which the law allows the imposition of exemplary damages. Defendants' conduct when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Plaintiff seeks exemplary damages in an amount within the jurisdictional limits of the court.

## IX.  DAMAGES

Plaintiff, has and will suffer, the following damages:

1. pain and anguish in the past;

2. pain and anguish in the future;

3. medical expenses in the past;

4. medical expenses in the future;

5. loss of wages in the past;

6. loss of wage earning capacity in the future;

7. physical impairment in the past;

8. physical impairment in the future;

9. disfigurement in the past;

10. disfigurement in the future.

## X. REQUEST FOR INJUNCTIVE RELIEF

Plaintiff seeks a TRO and a preliminary injunction pursuant to Section 65(b) of the Federal Rules of Civil Procedure, which provides that, "a temporary restraining order may be granted without notice if:

> (1) it clearly appears from specific facts shown by affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard in opposition; and
>
> (2) The applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reason supporting the claim that notice should not be required."

Federal Rules of Civil Procedure 65.

Plaintiff and over a hundred others have been exposed to an unidentified, toxic substance. Plaintiff has been treated, but the medical treaters had no idea what the toxic substance actually was, making treatment more difficult. It goes without saying that proper treatment requires that the substance be identified. Plaintiff is authorized to obtain an injunction to force Defendants to immediately identify the toxic substance released, and to prevent Defendants from destroying or altering any evidence of the leak or the substance leaked. Plaintiff will suffer irreparable injury if the injunctive relief is not granted. This harm is imminent. The injury to the Plaintiff will be irreparable and there is no adequate remedy at law.

There is a substantial likelihood of success that the Plaintiff will prevail on his claims against

the Defendants. Furthermore, the injury faced by the Plaintiff far outweighs the injury that would be sustained by the Defendant as a result of the injunctive relief sought. This injunctive relief would not adversely affect public policy or the public interest.

The temporary restraining order should be heard *ex parte* because the Plaintiff will suffer immediate and irreparable injury if the restraining order is not granted immediately, and notice should not be required because it would be impractical to wait for Defendants to retain trial counsel. Moreover, Plaintiff will forward this Complaint to Defendants and counsel who has represented Defendants in the past on similar matters, immediately upon filing. Plaintiff is willing to post a bond.

## XI. JURY DEMAND

Plaintiff demands a jury trial.

## XII. PRAYER FOR RELIEF

Plaintiffs requests that Defendants be cited to appear and answer. Plaintiffs request that after final hearing, Plaintiffs have judgment against Defendants for:

1. all damages to which Plaintiffs are entitled;
2. pre-judgment and post-judgment interest at the legal rate;
3. costs of court;
4. exemplary damages;
5. the injunctive relief sought; and
5. all other relief to which Plaintiffs are entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: _____
ANTHONY G. BUZBEE
STATE BAR NO. 24001820
1910 Ice & Cold Storage Bldng.
104 21st Street (Moody Ave.)
Galveston, Texas 77550
Phone: 409-762-5393
Fax: 409-762-0538
www.txattorneys.com

ATTORNEYS FOR PLAINTIFF