IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AARON WILSON GARNER, | * | |
| | * | |
| VS. | * | C.A. NO. G-07-221 |
| | * | |
| BP PRODUCTS NORTH AMERICA, INC., | * | |
| | * | JURY TRIAL DEMANDED |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

*TO THE HONORABLE COURT:*

Plaintiffs, AARON GARNER, REGINALD ADAMS, JORGE AGUILAR, ERASMO ALANIZ, MARIA ALI, BILLIE JO AREA, MARY CARRAWAY, JOSE CHICAS, ROSA CLAUDIO, FREDERICK COOK, JOSE ESTRADA, FRANCISCO GARCIA, DAVID GOMEZ, EZEQUIEL GONZALEZ, SANTIAGO GONZALEZ, JEREMY GRACIA, BRANDEN GRANT, ELENO GUERRA, ADRIAN HURST, ARMANDO IZAGUIRRE, BRIAN JOHNSON, ANDY JONES, KENNETH JONES, ASMAVET JIMENEZ, HECTOR JIMENEZ, ROBERT JONES, TERIYAKE JONES, RICHARD LEE, FELIPE LEON, JOSE LOPEZ, NICHOLAS LOPEZ, PEDRO LOPEZ, JOSE G. LUGO, JOSE S. LUGO, ADOLFO LUNA, KENDRICK LUNDY, JEREMY LUSK, JERMALL LUSK, SHARON MCCALL, DOUGLAS MCMAHON, DAVID MERRIFIELD, EDWIN MUNOZ, ALLEN NORRIS, OSCAR ORE, EVERADO ORTEGA, JOSE PARRA, ORLANDO PARRA, ESMERELDA PARTIDA, JOSE PLACENCIA, VICTOR RODRIGUEZ, RAMIRO RUIZ, FRANCISCO SALGADO, GENARO SALGADO, OMAR SALINAS, RAUL SANDOVAL, APRYL SCHMITZ, THOMAS SHOEMAKER, LENORA

STOVALL, CHARLES TAYLOR, JOHN THORNTON, JESUS TORRES, JOSE TRUJILLO, SHARON TURNER, LELAND VANN, KENNETH WALDROP, WAYNE JEFFERSON, JARED WILLIAMS, MICHELLE WILLIAMS, WENDELL YEARWOOD, EMANUEL ZUNIGA, REBECCA FORSYTH, MICHAEL ANDERSON, ALICE AUZENNE, EMMET BROWN, EDRICK CAREY, DANNY GILMORE, WILLIS GUIDRY, SAMUEL KINLAW, AVERTT LACY, CHARLOTTE MANSKY, BRENT MCGEE, SHAWANDA MORRIS, ARLISA PALMER, SPENCER PEGUES, GABRIEL RAMIREZ, JEROME RYAN, JOHN THORNTON, JEFF WEAVER, CHARLIE WERDLOW, PAMELA WOODS, DOMINGO ALVORADO, ORLANDO ANTOINE, BOBBY FONTENOT, LATRICIA FRANK, AIDA GARZA, JOE HENDERSON, GEORGE SANFORD, SHARON WEAVER, RANOI ARMSTRONG, YOLANDA BECKTON, MILLIE BROOKS, JUDY LOUD, WILBERT LOUD, FREDDIE WILLIAMS, RAYMOND WILLIAMS, LYN SEYMOUR, file this Amended Complaint, and respectfully show this Honorable Court the following:

## I. SUMMARY OF THIS CASE

This is a personal injury case involving exposure to toxious substances at the BP Plant in Texas City. On March 19, April 10, April 16, and April 19, 2007, unidentified toxious substances were released into the air at the BP Plant, sending more than 100 workers to the hospital for treatment and decontamination. In response to inquiries, BP claims that there is "no evidence of a leak of any kind." A BP spokesman has even suggested to the press that the entire incident may be a hoax by "disgruntled workers." BP's latest safety problems and efforts to cover them up are part of a series of blunders at the Texas City Plant. BP's refusal to identify the toxious substances makes

treatment of those exposed difficult, and adds to the stress caused to the Plaintiffs by the incident itself.

In this case, Plaintiffs seeks remedy for personal injuries. Although this case is not filed as a class action at this point, many more workers at the plant are experiencing the same issues as are being experienced by Plaintiffs, but at this time have chosen not to initiate suit, in fear of retaliation by their employers.

## II. PARTIES, RESIDENCE, AND SERVICE

Plaintiffs reside in several counties throughout Texas; however, a large majority of the Plaintiffs reside in Galveston County.

Defendant, BP Products North America, Inc., is a Maryland corporation doing business in Texas and may be served process by serving its registered agent, Prentice Hall Corporation System, 701 Brazos Street, #1050, Austin, Texas 78701.

## III. JURISDICTION AND VENUE

The parties are diverse. Plaintiffs seek damages in excess of $75,000, exclusive of interest and costs.

Venue is proper in this County because all or a substantial part of the events or omissions giving rise to the claim occurred in this County.

## IV. SUMMARY OF FACTS

On April 10, 16, and 19, 2007, Plaintiffs, while in the course and scope of their employment, were injured as a result of releases of Toxic substances at the BP Texas City Refinery/Chemical Plant. As a result, Plaintiffs suffered painful, severe and permanent injuries.

## V. CAUSE OF ACTION - NEGLIGENCE

Defendants were negligent on the occasions in question and proximately caused Plaintiffs' injuries. Defendants on the occasions in question:

1. caused or permitted to be caused a release of a Toxic substance at the BP facility;

2. failed to maintain a safe work place;

3. failed to have a reliable system or device at its BP facility to prevent the release or warn of the release;

4. failed to perform work in a safe and prudent manner;

5. failed to exercise reasonable and prudent care in the operations which were occurring at the BP facility on the dates of the occurrences in question;

6. failed to implement, follow and enforce proper operations procedures;

7. failed to implement, follow and enforce proper safety procedures; and

8. failed to implement, follow, and enforce proper hazard analysis.

## VI. AGENCY - EMPLOYMENT

The acts of negligence committed by Defendants' agents, servants and/or employees arose directly out of and was done in prosecution of the business that he/she was employed to do by his employer, who is therefore liable under the Doctrine of Respondeat Superior for the negligent actions of its employee.

## VII. RES IPSA LOQUITOR

Plaintiffs invoke the doctrine of Res Ipsa Loquitor. Plaintiffs would show that the character of the event made the basis of this lawsuit is such that it would not ordinarily occur in the absence of

negligence and that the instrumentality causing the injuries was under the management and control of Defendants.

## VIII.   CAUSE OF ACTION - EXEMPLARY DAMAGES

The wrong done by Defendants was aggravated by the kind of malice for which the law allows the imposition of exemplary damages. Defendants' conduct when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Plaintiffs seek exemplary damages in an amount within the jurisdictional limits of the court.

## IX.   DAMAGES

Plaintiffs, have and will suffer, the following damages:

1. pain and anguish in the past;

2. pain and anguish in the future;

3. medical expenses in the past;

4. medical expenses in the future;

5. loss of wages in the past;

6. loss of wage earning capacity in the future;

7. physical impairment in the past;

8. physical impairment in the future;

9. disfigurement in the past; and

10. disfigurement in the future.

## XI. JURY DEMAND

Plaintiffs demand a jury trial.

## XII. PRAYER FOR RELIEF

Plaintiffs request that Defendants be cited to appear and answer. Plaintiffs request that after final hearing, Plaintiffs have judgment against Defendants for:

1. all damages to which Plaintiffs are entitled;

2. pre-judgment and post-judgment interest at the legal rate;

3. costs of court;

4. exemplary damages;

5. the injunctive relief sought; and

5. all other relief to which Plaintiffs are entitled.

Respectfully submitted,

## THE BUZBEE LAW FIRM

By: ___/s/ Anthony G. Buzbee___
    ANTHONY G. BUZBEE
    STATE BAR NO. 24001820
    1910 Ice & Cold Storage Bldng.
    104 21st Street (Moody Ave.)
    Galveston, Texas 77550
    Phone: 409-762-5393
    Fax: 409-762-0538
    www.txattorneys.com

OF COUNSEL:
THE BUZBEE LAW FIRM
Sean E. O'Rourke
24046547

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion and order have been served upon counsel in accordance with the Federal Rules of Civil Procedure, on this 8th day of June, 2007 as indicated below:

**_Via Electronic Filing_**
Mr. James B. Galbraith
MCLEOD, ALEXANDER, POWEL & APFFEL
802 Rosenberg
P.O. Box 629
Galveston, Texas 77553

    ___/s/ Anthony Buzbee___
    ANTHONY G. BUZBEE