IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AARON WILSON GARNER | § | |
| | § | |
| VS. | § | C.A. NO. G-07-221 |
| | § | |
| BP PRODUCTS NORTH AMERICA, | § | |
| INC. | § | JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION FOR
JUDGMENT AS A MATTER OF LAW**

Plaintiffs file this Motion for Judgment as a Matter of Law and, in support, would show the following:

**BACKGROUND**

On June 2, 2008, Defendant filed its Answer to Plaintiffs' Second Amended Complaint, in which it asserted various affirmative defenses. (Docket Entry No. 76). Trial of this case began on December 1, 2009, and Defendant rested on December 16, 2009. Now, Plaintiffs file this Motion for Judgment as a Matter of Law on certain of Defendant's affirmative defenses.

**ARGUMENT AND AUTHORITIES**

**I.   JUDGMENT AS A MATTER OF LAW STANDARD**

Judgment as a matter of law is only appropriate where the Court finds that a reasonable jury could not have a legally sufficient evidentiary basis to support a defendant's affirmative defenses. FED. R. CIV. P. 50(a); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The Court must consider "all of the evidence 'in the light and with all reasonable inferences most favorable to the party opposed to the motion.'" *Thompson v. Connick*, 578 F.3d 293, 297 (5th Cir. 2009) (citing *Boeing Co. v. Shipman*, 411 F.2d 365, 374-75 (5th Cir. 1969) (*overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir.

1997))). It is only "'[i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable persons could not arrive at a contrary verdict, then granting of the motion[] is proper.'" *Munoz v. State Farm Lloyds of Texas*, 522 F.3d 568, 574 (5th Cir. 2008) (citing *Boeing,* 411 F.2d at 374-75)).

This motion is submitted at the close of all evidence. Plaintiff contends that Defendant has not introduced legally sufficient evidence to prove the following affirmative defenses.

## II.  DEFENDANT'S AFFIRMATIVE DEFENSES

### A.  Second Defense: Contributory Negligence.

In its second affirmative defense, Defendant asserts that any injuries and damages suffered by Plaintiffs:

> were all proximately caused by the failure of Plaintiff to exercise that degree of care which would have been exercised by an ordinarily prudent person under the same or similar circumstances, and such failure caused and contributed to cause all of the injuries and damages alleged to have been sustained.

(Docket Entry No. 76, at pp. 3-4).

Defendant has produced no evidence that Plaintiffs were contributorily negligent. There is no evidence that any Plaintiff was responsible for the release.

### B.  Third Defense: Unavoidable Accident.

In its third affirmative defense, Defendant "alleges that the occurrence(s) and alleged injuries in question were the result of an unavoidable accident, as that term is defined and understood by law." (Docket Entry No. 76, at p. 4).

Defendant has produced no evidence that the April 19, 2007 incident and resulting injuries "were the result of an unavoidable accident."

### C.  Fourth and Fifth Defenses: Third Party Negligence.

In its fourth affirmative defense, BP

asserts that the incident(s) made the basis of this lawsuit was caused by the negligence of a third party or third parties over whom this Defendant had no control, and said negligence was a proximate cause of the incident(s) in question.[1]

(Docket Entry No. 76, at p. 4).

Defendant has produced no evidence that a third party's negligence was the cause-in-fact, let alone sole proximate cause, of the April 19, 2007 chemical release. While Defendant has attempted to argue (without any evidentiary basis) that the harmful chemicals came from off-site, even if Defendant had offered any actual evidence of that, Defendant has not offered a shred of proof that such alleged off-site release was the result of some third party's negligence.

### D. Twenty-Second Defense: Pre-Existing Conditions.

Defendant's Twenty-Second Affirmative Defense provides:

Defendants relies on Plaintiffs' pre-existing conditions, to the extent they exist, as a defense to the Plaintiffs' personal injury claims. Any award should not be based on a condition not resulting from the occurrence in question.

(Docket Entry No. 76, at p. 9).

Defendant has failed to adduce any evidence to show that the injuries that any of the Plaintiffs have asserted in this case were a result of a pre-existing condition.

### E. Twenty-Third Defense: Plaintiffs Released Claims.

In its Twenty-Third affirmative defense, Defendant asserts that:

Plaintiffs' claims are barred as a whole or in part to the extent Plaintiffs have released, settled, entered into accords and satisfaction or otherwise compromised their claims.

(Docket Entry No. 76, at p. 9).

Defendant has offered no evidence that any Plaintiff entered into a release or settlement agreement that would bar his or her claims related to the April 19, 2007 chemical release.

---

[1] BP's Fifth Affirmative Defense is nearly identical to its Fourth Affirmative Defense except it replaces "… was a proximate cause …" with "… was the sole proximate cause …." (Docket Entry No. 76, at p. 4).

F. Twenty-Fourth Defense: "Chapter 95".

BP's Twenty-Fourth Affirmative Defense alleges:

> that this claim is against a property owner for personal injury to an employee of a subcontractor arising from the condition or use of an improvement to real property, and that Plaintiffs' employers were constructing, repairing, renovating or modifying an improvement of the property. As such, Plaintiffs' claims are government by Section 95.003 of the Texas Civil Practice & Remedies Code. In addition, Plaintiffs' claims are barred by Chapter 95 of the Texas Civil Practice and Remedies Code.

(Docket Entry No. 76, at pp. 9-10). Section 95.002 states, in relevant part, that Chapter 95 applies "only" where the claim "arises from the condition or use of an improvement to real property" where the contractor "constructs, repairs, renovates, or modifies the improvement." TEX. CIV. PRAC. & REM. CODE § 95.002. The burden is on the defendant to establish that Chapter 95 applies. *Rueda v. Paschal*, 178 S.W.3d 107, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see also Jones v. Apache Corp.*, 2007 WL 656268, at *2 (S.D. Tex. Feb. 27, 2007).

Texas courts have been very narrow in their definition of improvement. Recently, a Texas appellate court reversed a summary judgment in favor of the property owner defendant. *Hernandez v. Brinker Int'l, Inc.*, 185 S.W.3d 152, 161-62 (Tex. App.—Houston [14th Dist.] 2009, no pet.). In *Hernandez*, the employee of an air conditioning contractor was injured while performing routine maintenance and as-needed repairs to the property owner's air-conditioning system. *Id*. at 153-54. While removing an air conditioner compressor, the roof collapsed and the plaintiff suffered injuries after falling through the opening. *Id*. In reversing summary judgment, the court first observed that the roof and air-conditioning system were separate improvements for purposes of Section 95.002(2). *Id*. at 157. The court then held that the "plain language" of Section 95.002(2) did not apply to the plaintiff's claims because his claims arose from the

condition of the roof, which plaintiff did not repair or modify, rather than the air-conditioning system. *Id*. at 161-62.

Here, Defendant has offered no evidence that the areas where Plaintiffs were working were the source of the release. Indeed, Defendant contends either 1) there was no release; or 2) if there was a release, it originated off-site. Therefore, Defendant has failed to meet its burden that Chapter 95 applies.

## CONCLUSION AND PRAYER

Plaintiffs respectfully request that the Court grant their motion and enter of order of judgment as a matter of law on Defendant's second, third, fourth, fifth, twenty-second, twenty-third and twenty-fourth affirmative defenses.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

    */s/ Anthony Buzbee*
ANTHONY G. BUZBEE
SBN: 24001820
Fed. I.D. No. 22679
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel.:   (713) 223-5393
Fax.:   (713) 223-5909
www.txattorneys.com

OF COUNSEL:
**THE BUZBEE LAW FIRM**
SEAN E. O'ROURKE
SBN: 24046547

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of this document will be served or has been served on all interested parties in accordance with the Federal Rules of Civil Procedure on December 16, 2009. Service on E-Filing Users will be automatically accomplished through the Notice of Electronic Filing; non-Filing Users will be served by certified mail, return receipt requested and/or via facsimile.

Mr. James B. Galbraith
MCLEOD, ALEXANDER, POWEL & APFFEL
802 Rosenberg
P.O. Box 629
Galveston, Texas 77553

Mr. Kurt B. Arnold
ARNOLD & ITKIN LLP
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, TX 77010

            ___*/s/ Anthony Buzbee*_____
            ANTHONY G. BUZBEE