IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AARON WILSON GARNER | § | |
| | § | |
| V. | § | C.A. NO. G-07-221 |
| | § | |
| BP PRODUCTS NORTH AMERICA INC. | § | |

**DEFENDANT BP PRODUCTS NORTH AMERICA INC.'S
SURRESPONSE IN OPPOSITION TO TRIAL PLAINTIFFS'
MOTION FOR SEVERANCE AND FOR ENTRY OF JUDGMENT**

The Plaintiffs cannot overcome five legal barriers to their motion for judgment on the verdict:

- Gross negligence (or punitive damages) cannot be based on an unknown source;
- Gross negligence cannot be based on events that are *dissimilar* or evidence that is *unclear*;
- Res ipsa loquitur actually *negates* gross negligence here;
- The constitutional limit on punitive damages is 1:1 or lower; and
- It is too late for the Plaintiffs to avoid the statutory caps on punitive damages.

This is not a punitive damages case. The Plaintiffs "admittedly suffered no long term effects from [their] exposure"[1] and have proved no "extreme risk" beyond that. The Court cannot render judgment for punitive damages without violating Texas law. Alternatively, this Court must follow the constitutional and statutory caps that limit such damages to no more than 1x the compensatory damages.

---

[1] *See* Buzbee Law Firm Website (http://www.txattorneys.com/attorneys-3.html) (January 20, 2010) ("What lawyer in the entire United States could convince a jury to award more than **$100 million** in damages for ten workers who were exposed to Carbon Disulfide, but admittedly suffered no long term effects from that exposure? Tony Buzbee.") (emphasis in original).

## ARGUMENT AND AUTHORITIES

### A.   This Is Not A Punitive Damages Case

#### 1.   *Gross negligence cannot be based on an unknown source*

Texas law defines "gross negligence" as an extreme risk "of which the actor has actual, subjective awareness of the risk involved." Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11)(B). By definition, one cannot be subjectively aware of an unknown risk.[2] Whether outside or within the SRU (a huge and complex unit the size of a city block), no one knows the source of this incident. Because the source is unknown even today, it is impossible to say BP knew of it before it occurred.

#### 2.   *Punitive damages cannot be based upon unclear evidence and dissimilar events*

With no evidence about what happened, Plaintiffs relied instead on "over 500 leaks, spills, and releases" over a five-year period. But, these were mostly minor spills, many by contractors, safe releases to flares, and the like; they were not 500 incidents involving severe injury. So how many were similar to this incident (as the Constitution requires[3])? And how many were extreme risks (as Texas law requires)? The answer is: ***no one knows***. But evidence to support punitive damages must be both convincing and ***clear***;[4] it cannot be inferred from guesses

---

[2]   *See Fid. & Guar. Ins. Co. v. Drewery Const. Co., Inc.*, 186 S.W.3d 571, 575 (Tex. 2006) (holding defendant's inability to explain what happened to lost citation did not indicate conscious disregard of duty to answer, because by definition what happened to "lost" items cannot be explained).

[3]   *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003) ("[I]n the context of civil actions courts must ensure the conduct in question replicates the prior transgressions.").

[4]   Tex. Civ. Prac. & Rem. Code § 41.003(a); *Dunbar Med. Sys. Inc. v. Gammex Inc.*, 216 F.3d 441, 455 (5th Cir. 2000).

and suppositions. The Constitution prohibits punitive damage awards based on anything other than similar conduct. Here, it is impossible to say what conduct is similar because conduct that caused this incident is itself unknown.

### 3. *Res ipsa loquitur negates gross negligence here*

Normally, mere occurrence of an event cannot show whether an incident was accidental or intentional. But this incident inherently proves that gross negligence was not involved. Plaintiffs' counsel told the jury often about being "gassed" in the Marines, resulting in temporary symptoms such as burning eyes and throat, nausea, and dizziness. That is exactly what these Plaintiffs alleged. Gross negligence, in contrast, requires proof of a **high probability** of **severe** injury. Even if BP had known the risk, BP cannot be punished for exposure that is only likely to cause minor or temporary symptoms. High probability of minor injury does not suffice. *See Smith v. O'Donnell*, 288 S.W.3d 417, 423-24 (Tex. 2009)

### B.  Plaintiffs Cannot Avoid The Constitutional Limits On Punitive Damages

"In a well functioning system," the Supreme Court expects most punitive awards to be **less than** the compensatory awards; the ratio of 1:1 is the probable constitutional limit, even in a pollution case involving a known alcoholic piloting a supertanker.[5] Trial Plaintiffs point to *TXO Production Corp v. Alliance Resources Corp.*, 509 U.S. 443 (1993), in arguing to the contrary; but, the Supreme Court has rejected that opinion (which only three judges had signed), holding that punitive damages cannot be used "to punish a defendant directly on account of harms it is

---

[5] *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2633 & 2634 n.28 (2008).

alleged to have visited on nonparties." *Philip Morris USA v. Williams*, 549 U.S. 346, 355 (2007). The limit in this case is 1:1 **or even less**. *See* Appendix submitted herewith.

### C.  Plaintiffs Cannot Avoid The Statutory Cap On Exemplary Damages

A court cannot sign a judgment that ignores the mandatory Texas statutory caps. The caps do not apply to a list of 16 crimes, but this lawsuit is not based on any of those crimes.[6] Even if it were, the Plaintiffs waived those exceptions by not getting a jury finding on them.[7] This Court cannot disregard the caps without violating the right to jury trial.[8]

### CONCLUSION AND PRAYER

If punitive damages are awarded at all (and they should not be), the statutory cap must be applied, and then the amount must be reduced still further to comply with constitutional due process.[9] It is the Court's duty to do so before judgment is entered rather than to enter a judgment that violates due process under the United States Constitution.

---

[6] Aggravated assault requires proof of (1) serious bodily injury, or (2) use of a deadly weapon. Tex. Penal Code § 22.02(a). Execution of a document by deception requires proof of an intent to harm or defraud. *Id.* § 32.46(a). To apply, a plaintiff's claims must be based on such conduct. Tex. Civ. Prac. & Rem. Code § 41.008(c).

[7] *Madison v. Williamson*, 241 S.W.3d 145, 161 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

[8] *See Blakely v. Washington*, 542 U.S. 296, 304-05 (2004).

[9] If couched as an order of remittitur, the Court's determination of the proper constitutional ratio would not be subject to challenge by a plaintiff who accepts the remittitur. *See generally Donovan v. Penn Shipping Co.*, 429 U.S. 648, 694-50 (1977).

Respectfully submitted,

                                                                                    s/

| | |
|---|---|
| Thomas W. Taylor | James B. Galbraith |
| Texas Bar No. 19723875 | Texas Bar No. 07574400 |
| Kendall M. Gray | MCLEOD, ALEXANDER, POWEL & APFFEL, P.C. |
| Texas Bar No. 00790782 | 802 Rosenberg |
| ANDREWS KURTH LLP | P.O. Box 629 |
| 600 Travis Street, Suite 4200 | Galveston, Texas 77553 |
| Houston, Texas 77002 | Telephone: 409-763-2481 |
| Telephone: 713-220-4200 | Facsimile: 409-762-1155 |
| Facsimile: 713-220-4285 | jbgalbraith@mapalaw.com |
| ttaylor@andrewskurth.com | |
| kendallgray@andrewskurth.com | Scott A. Brister |
| | Texas Bar No. 00000024 |
| | ANDREWS KURTH LLP |
| | 111 Congress Ave., Suite 1700 |
| | Austin, Texas 78701 |
| | Telephone: 512-320-9200 |
| | Facsimile: 512-320-9292 |
| | scottbrister@andrewskurth.com |

ATTORNEYS FOR DEFENDANT BP PRODUCTS NORTH AMERICA INC.

### CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the above and foregoing instrument have been served by electronic CM/ECF filing, on this 22nd day of January, 2010, as follows:

| | |
|---|---|
| Anthony G. Buzbee | Kurt Brynilde Arnold |
| Sean E. O'Rourke | Gabe T. Vick |
| The Buzbee Law Firm | Arnold & Itkin |
| JPMorgan Chase Tower | 5 Houston Center |
| 600 Travis Street, Suite 7300 | 1401 McKinney Street, Suite 2550 |
| Houston, Texas 77002 | Houston, Texas 77010 |

                                                                                     s/
                                                                                 James B. Galbraith

HOU:2988273.4